**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
MOUNG SU KIM,                                                          **MEMORANDUM**

                      Plaintiff,                     **AND ORDER**

        - against -

                                             10-CV-2515 (FB) (JO)

KAP SANG KIM, et al.,

                      Defendants.
------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

On July 15, 2010, plaintiff Moung Su Kim ("Kim") filed a "Letter Motion to Certify

Class."  Docket Entry ("DE") 17.[1]  Kim makes several requests relating to his claims under the

Fair Labor Standards Act ("FLSA") against defendants Kap Sang Kim, Susanna Kim, and Shine

Corporation ("Shine").[2]  Specifically, he seeks an order conditionally certifying a collective action

pursuant to 29 U.S.C. § 216(b) as well as the resolution in his favor of certain disputes

concerning the content of a notice to similarly situated current and former employees of Shine.

Shine's response does not address much of Kim's motion, but it does oppose Kim's request to

allow a four-month period for potential "opt-in" plaintiffs to join the case, and it seeks to have

the notice include language reflecting its theory of the case as well as evidence that it contends

supports that theory.  DE 18.

      A.      <u>Conditional Certification</u>

I deny as moot Kim's request for "conditional certification" of a collective action.

"Neither the FLSA nor the Federal Rules of Civil Procedure provide for the certification of an

---

[1]  Kim's motion does not seek to certify a class pursuant to Federal Rule of Civil Procedure 23,
nor does the Complaint in this action purport to assert a class action under that rule.  In any event
I lack the authority to grant the relief the motion nominally seeks.  *See* 28 U.S.C. § 636(b)(1)(A).

[2]  Only the corporate defendant has appeared thus far.  Its principals, the individual defendants,
have neither answered the complaint nor appeared through counsel.

FLSA collective action." *Henderson v. Transp. Grp., Ltd.*, 2010 WL 2629568, at *3 n.3 (citing

*Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 463 n.1 (S.D.N.Y. 2008)). To the

extent Kim seeks such conditional certification as a perceived prerequisite for circulating a notice

to potential opt-in plaintiffs, he seeks that which he does not need. I approve (and order) the

circulation of such a notice because it will avoid delay in the litigation of this case and protect the

rights of persons whose rights may be implicated in this litigation without unduly impairing the

interests of the defendants.[3]

---

[3] In other cases in this district, judges have granted requests for conditional certification after applying a relaxed standard:

> Plaintiffs' burden "at this initial stage is minimal, and generally courts in this Circuit require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Sobczak v. AWL Indus.*, 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007) (internal quotation marks and citations omitted); *see Gayle v. Harry's Nurses Registry, Inc.*, 2009 WL 605790, at *10 (E.D.N.Y. Mar. 9, 2009) ("This first review is merely a preliminary finding, and does not require a determination that the persons being notified are, in fact, similarly situated to the plaintiff. After discovery, the Court reviews the collective action certification more rigorously, at which point it may decertify the collective action if it determines that the plaintiffs are not similarly situated.") (internal quotation marks and citations omitted). "Courts do not require a named plaintiff to show an actual FLSA violation, but rather that a factual nexus exists between the plaintiff's situation and the situation of other potential plaintiffs." *Id.* (internal quotation marks and citation omitted).

*Summa v. Hofstra Univ.*, --- F. Supp. 2d ----, 2010 WL 2232671, at *6 (E.D.N.Y. June 1, 2010).

If some form of conditional certification is actually required before a notice can be circulated to potential opt-in plaintiffs, *see, e.g.*, *Gortat v. Capala Bros., Inc.*, 2009 WL 3347091, at *8 (E.D.N.Y. Oct. 16, 2009), I would grant the motion on the ground that there appears to be no dispute that there are others situated similarly to Kim who have performed duties for Shine at relevant times. However, in the absence of any statute or rule that actually imposes a requirement of conditional certification, I decline to enter an order that does nothing to change the rights or obligations of any person. *See DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) ("'Federal courts are without power to decide questions that cannot affect the rights of litigants before them.'") (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

B.      The Notice

1.      Time to respond.  Kim proposes that opt-in plaintiffs be allowed to file a consent to join this action within four months.  Shine objects to such a long period, and I agree that it allows for unnecessary delay.  I will permit opt-in plaintiffs to consent to join the action within 60 days of the date of the notice, provided that I will of course entertain an untimely motion to join on a showing of good cause for the delay.

2.      Korean translation.  Kim asks for leave to circulate the notice in both English and Korean.  In the absence of any objection, I grant the request.  Kim's counsel shall prepare a translation by July 26, 2010, and Shine shall respond with any objection to the translation by August 2, 2010.

3.      Posting the notice.  Kim proposes to post the notice and a sample consent form in each of Shine's business locations.  In the absence of any objection, I grant the request.

4.      The description of the lawsuit.  In Kim's proposed notice, potential opt-in plaintiffs are told that Kim "filed this lawsuit pursuant to the federal Fair Labor Standards Act and alleges primarily that [the] Defendants have failed to pay salespeople overtime compensation required by federal law" and that the "Defendants entirely deny any wrongdoing."  DE 17-2 (proposed notice) ¶ 1.  Shine seeks to elaborate on the latter statement, and proposes "to include language indicating that outside salespersons are exempt from the FLSA" as well as "a Department of Labor fact sheet ... setting forth a description of outside sales persons."  DE 18.  I conclude that no such elaboration is necessary and decline to require its inclusion in the notice.

5.      Attorneys' fees.  As currently drafted, the proposed notice states that "[i]f there is a recovery, the attorney for the class will receive a part of any settlement obtained or

money judgment entered in favor of all members of the class." DE 17-2 ¶ 4. To avoid any misunderstanding, I direct Kim to amend that statement to read as follows: "If there is a recovery, the attorney for the class will receive a part of any settlement obtained or money judgment entered in favor of all members of the class to the extent the Court determines that fee to be reasonable."

      6.    <u>Discovery</u>. To facilitate the dissemination of the notice, I order Shine to disclose the names and last known contact information for all persons who engaged in sales for Shine within the last three years. I decline to order the defendant to produce the Social Security numbers for such persons, without prejudice to any renewed request for such information on a showing of need. To the extent Kim seeks some other form of judicial assistance in support of his efforts to disseminate the notice, he has not specified what they are, and I decline to order anything further at this point.

    C.    <u>Summary</u>

    For the reasons set forth above, I deny as moot Kim's request for conditional certification of a collective action, and I order the parties to submit for final approval, no later than July 22, 2010, a revised English-language version of the notice to potential opt-in plaintiffs that reflects the rulings herein.

    **SO ORDERED.**

Dated: Brooklyn, New York
      July 19, 2010

                                  <u>/s/ James Orenstein</u>
                                    JAMES ORENSTEIN
                                    U.S. Magistrate Judge